**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

THE 2005 ROBERT JULIEN FAMILY
DELAWARE DYNASTY TRUST,
MARC JULIEN, TRUSTEE

Plaintiff,

v. Civil Action No.______________

INTERNAL REVENUE SERVICE.

Defendant
___________________________________/

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff, The 2005 Robert Julien Family Delaware Dynasty Trust, Marc Julien, Trustee, ("Plaintiff" or "Taxpayer"), by and through undersigned counsel, hereby files this Complaint seeking declaratory and injunctive relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, against the Internal Revenue Service ("IRS"), and says:

**JURISDICTION AND VENUE**

1. This court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 2201-2202.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) 5 U.S.C. §552(a)(4)(B).

**PARTIES**

3. Plaintiff is the requester of agency records that have been improperly withheld.

4. The Internal Revenue Service (IRS) is an agency of the United States government within the meaning of 5 U.S.C. § 552(f) and has possession and control over the documents and materials that Plaintiff seeks in its FOIA requests.

## LEGAL FRAMEWORK

### A. FOIA, Generally

5. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

6. FOIA imposes strict and rigorous deadlines on federal agencies. An agency must make and communicate its "determination" whether to comply with a FOIA request and communicate "the reasons therefore" within 20 working days of receiving the request, or within 30 working days in "unusual circumstances," and notify the requester of its right to appeal the agency's determination. 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B)(i). If the agency determines that the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. *Id.* at § 552(a)(3)(A).

7. Pursuant to § 552(a)(6)(A)(i) requires that within the relevant time period, an agency must *determine whether to comply with a request* – that is, whether a requester will *receive all the documents the requester seeks*. It is not enough that within the relevant time period, the agency simply decided to later decide. Therefore, within the relevant time period, the agency *must* at least *inform the requester of the documents that the agency will produce*, as well as *the scope of the documents that the agency plans to withhold* under any FOIA exemptions. A determination does not require actual *production* of the records to the requester at the exact time that the 'determination' is communicated to the requester . . . [however,] within 20 working days, an agency *must process* a FOIA request and make a determination.

8. An agency can only withhold information in a responsive record "if the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [FOIA]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A).

9. When an agency cannot adequately justify withholding records in full or in part, FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

10. FOIA permits this Court to assess reasonable attorney's fees and other litigation costs in any FOIA action where the plaintiff has substantially prevailed. 5 U.S.C. § 552(a)(4)(E). !

**FACTUAL BACKGROUND**

11. On November 12, 2019, Plaintiff submitted a FOIA request ("Prior FOIA Request").

12. The Prior FOIA Request was not responded to until June 17, 2020.

13. On September 29, 2021, Plaintiff submitted a second FOIA request ("Second FOIA Request") to IRS for records of the IRS for the period of time from November 12, 2019, through September 29, 2021, so as to update the Prior FOIA Request and include additional information, all as more particularly described in such FOIA request:

a. any, and all statements made by the Taxpayer, any representative of Taxpayer, and any and all statements made by any other third parties in regard to: 1) the preparation of the Form 3520, Annual Return to Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts ("Form 3520") for tax years 2005 and 2006; 2) the examination/audit of the Form 3520 for tax years 2005 and 2006; and 3) the assessment of penalties on the Form 3520, including all documents obtained or generated in the Internal Revenue Service examination/audit file for tax years 2005 and 2006;

b. a listing of any and all Summonses issued by the Internal Revenue Service to any third parties for documents and/or testimony in regard to the above;

c. all material in your files relating to: 1) the preparation of the Form 3520 for tax years 2005 and 2006; 2) the examination/audit of the Form 3520, for tax years 2005 and 2006; and 3) the assessment of penalties on the Form 3520 for tax years 2005 and 2006, including, but not limited to, the tax returns

themselves and all accompanying statements and schedules, correspondence between the Internal Revenue Service and the Taxpayer or its representatives regarding said return, reports (internal or otherwise) of examining or other agents prepared in connection with or following an examination/audit of, assessment/collection of penalties, or other review of said returns, and the record of assessment for tax years 2005 and 2006;

d. any documents prepared by any Internal Revenue Service employee indicating or pertaining to the filing of Form 3520, the examination/audit of Form 3520 and/or the assessment/collection of the penalties related to the Form 3520 of Taxpayer for tax years 2005 and 2006;

e. any and all documents (including all electronic documents) in the IRS file related to the Form 3520, Civil Penalty case initiated by Agent Tilis, as described in the enclosed IRS letter of February 12, 2019 and the enclosed letter from Agent Tilis dated August 26, 2021.

14. On October 29, 2021, IRS sent a letter to Plaintiff ("Acknowledgement Letter") informing Plaintiff that IRS received the Second FOIA Request on October 4, 2021, that IRS was not able to send the information requested by Plaintiff by November 2, 2021, which is the 20 business-day period required by law, and that it required until March 4, 2022 to complete the request and "obtain and review the records."

15. The Acknowledgement Letter did not contain a "determination" indicating whether or not the IRS intended to comply with Plaintiffs' FOIA request and produce non-exempt records. The Acknowledgment Letter requested that Plaintiff consider limiting the scope of the Second FOIA Request to reduce processing time. The Acknowledgement Letter stated that Plaintiff could file suit after November 17, 2021.

16. On November 8, 2021, Plaintiff sent a letter to IRS agreeing to the extension of time for completion of the Second FOIA Request, and requested that due to the extension, the Second FOIA Request should include all documents through the extended date of March 4, 2022.

17. On February 24, 2022, IRS sent a letter to Plaintiff requesting an additional extension of time to June 2, 2022 ("February 2022 Letter"). While the February 2022 Letter claimed IRS "needed additional time to obtain and review responsive records", the extension requested was longer than the 30-day period allowed by FOIA. Moreover, the February 2022 Letter did not contain a "determination" indicating whether or not the IRS intended to comply with Plaintiffs' FOIA request and produce non-exempt records. The February 2022 Letter requested that Plaintiff consider limiting the scope of the Second FOIA Request to reduce processing time, and stated that Plaintiff could file suit after November 17, 2021.

18. On May 24, 2022, IRS sent a letter to Plaintiff requesting an additional extension of time to August 31, 2022 ("May 2022 Letter"). The May 2022 Letter did not contain a "determination" indicating whether or not the IRS intended to comply with Plaintiffs' FOIA request and produce non-exempt records. While the May 2022 Letter set forth "unusual circumstances" to extend the 20-day response period, the extension requested was longer than the 30-day period allowed by FOIA. The May 2022 Letter requested that Plaintiff consider limiting the scope of the Second FOIA Request to reduce processing time, and stated Plaintiff could file suit after November 17, 2021.

19. On August 15, 2022, IRS sent a letter to Plaintiff requiring an additional extension of time to November 29, 2022 ("August 2022 Letter"). The August 2022 Letter did not contain a "determination" indicating whether or not the IRS intended to comply with Plaintiffs' FOIA request and produce non-exempt records. While the August 2022 Letter set forth "unusual circumstances" to extend the 20-day response period, the extension requested was longer than the 30-day period allowed by FOIA. The August 2022 Letter requested that Plaintiff consider

limiting the scope of the Second FOIA Request to reduce processing time, and stated Plaintiff could file suit after November 17, 2021.

20. On November 8, 2022, IRS sent a letter to Plaintiff requiring an additional extension of time to May 30, 2023 ("November 2022 Letter"). The November 2022 Letter did not contain a "determination" indicating whether or not the IRS intended to comply with Plaintiffs' FOIA request and produce non-exempt records. While the November 2022 Letter set forth "unusual circumstances" to extend the 20-day response period, the extension requested was longer than the 30-day period allowed by FOIA. The November 2022 Letter requested that Plaintiff consider limiting the scope of the Second FOIA Request to reduce processing time, and stated Plaintiff could file suit after November 17, 2021.

21. On December 20, 2022, IRS sent a letter to Plaintiff, described as an "interim response" to the Second FOIA Request ("First Interim Response").

22. The First Interim Response informed Plaintiff that IRS would continue to process the rest of the Second FOIA Request, but did not provide a date in which the Second FOIA Request would be completed. *Id*.

23. The First Interim Response did not contain a "determination" indicating whether or not the IRS intended to comply with Plaintiffs' FOIA request and produce non-exempt records. Nor did the Acknowledgement letter set forth any "unusual circumstances" to extend the 20-day response period to 30 working days pursuant to 5 U.S.C. § 552(a)(6)(B).

24. The First Interim Response claimed that IRS had located 4,868 responsive pages. Of those pages, only 1,749 were released in full; 131 pages were partially redacted; and 2,988 of the pages were withheld in full. *Id*. at 2.

25. IRS informed Plaintiff that the information was withheld under the following FOIA exemptions:

f. FOIA exemption (b)(3) requires us to withhold information specifically exempt from disclosure by another law. The law supporting this exemption is Title 26 United States Code Section 6103(a).

g. FOIA exemption (b)(5) exempts from disclosure inter or intra-agency memorandums which wouldn't be available by law to parties other than those in litigation with the agency. The exemption privileges covered in this response are:
   i. The deliberative process privilege, which protects documents that reflect the pre- decisional opinions and deliberations on legal or policy matters.
   ii. The attorney-client privilege, which protects confidential communications between an attorney and a client relating to a legal matter for which the client has sought professional advice.

h. FOIA exemption (b)(7)(C) exempts from disclosure personal information in law enforcement records that could constitute an unwarranted invasion of personal privacy.

i. FOIA exemption (b)(7)(E) exempts from disclosure records or information compiled for law enforcement purposes when their release would reveal:
   i. Techniques and procedures for law enforcement investigations or prosecutions.
   ii. Guidelines for law enforcement investigations or prosecutions, if release could risk circumvention of the law.

j. I redacted the Discriminant Information Function (DIF) score from the enclosed records. Release of the DIF score would seriously impair IRS assessment, collection, and enforcement proceedings.

k. FOIA exemption (b)(3), supported by Internal Revenue Code Sections 6103 (b)(2) and (e)(7), exempts this information from release. Disclosure would also reveal law enforcement techniques, procedures, and guidelines protected by FOIA exemption (b)(7)(E).

*Id*. at 2.

26. Aside from this generic language, IRS did not specifically identify the precise nature of the documents it was withholding, and provided no additional explanation for how these particular documents qualify for exemptions under FOIA. Instead, each partially redacted

and fully withheld document simply lists the applicable exemption.

27. On March 7, 2023, IRS sent a letter to Plaintiff, described as an "interim response" to the Second FOIA Request ("Second Interim Response").

28. The Second Interim Response informed Plaintiff that IRS would continue to process the rest of the Second FOIA Request, but did not provide a date in which the Second FOIA Request would be completed. *Id*.

29. The Second Interim Response claimed that IRS had located 3,923 responsive pages. Of those pages, only 2,131 were released in full; 24 pages were partially redacted; and 1,768 of the pages were withheld in full. *Id*. at 2.

30. IRS informed Plaintiff that the information was withheld under the same FOIA objections as the First Interim Response. *See*, supra, paragraph 27.

31. Aside from this generic language, IRS did not specifically identify the precise nature of the documents it was withholding, and provided no additional explanation for how these particular documents qualify for exemptions under FOIA. Instead, each partially redacted and fully withheld document simply lists the applicable exemption.

**IRS'S FAILURE TO JUSTIFY ITS WITHHOLDINGS**

32. On February 3, 2023, Plaintiff sent a letter to IRS seeking a Vaughn Index due to the lack of sufficient information in the December 2022 Letter for Plaintiff to determine, on a document-by-document basis, whether there are facts that exist that would support the claim of exemption upon which such documents are being withheld.

33. On February 7, 2023, IRS sent a letter to Plaintiff denying Plaintiff's request for a Vaughn Index.

34. While IRS requested Plaintiff limit the scope of the Second FOIA Request, IRS refused to cooperate and disclosed hardly any information about the withheld documents.

35. Without more information about the withholdings, or detrimentally affecting its legal position, Plaintiff could not reasonably narrow its request.

36. The statutory time limit for the IRS to issue a "determination" on Plaintiff's FOIA request has expired, and therefore, Plaintiff has constructively exhausted the applicable administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C); *see also CREW*, 711 F.3d at 180; *Miccosukee*, 103 F. Supp. 3d at 1326.

37. Specifically, Plaintiff is deemed to have exhausted required administrative remedies because the IRS failed to make and communicate a "determination" as to whether it intended to comply with Plaintiff's Second FOIA Request, inform Plaintiff of the scope of the documents it intended to produce, and inform Plaintiff of the scope of documents the agency planned to withhold under any FOIA exemptions within 20 working days of receiving Plaintiff's Second FOIA Request.

38. All conditions precedent to bringing the claims below have been satisfied or waived.

**<u>COUNT I-FAILURE TO MEET STATUTORY TIME LIMITS</u>**

39. Plaintiff hereby re-allege and reassert the allegations contained in Paragraphs 1-38 as if fully set forth herein.

40. Plaintiff properly requested records within IRS's custody and control in accordance with FOIA.

41. On September 29, 2021, Plaintiff submitted a FOIA request to IRS, which was received by IRS on October 4, 2021.

42. Plaintiff has a statutory right to the records they seek, which are "agency records" within the meaning of FOIA.

43. As of the date of this Complaint, IRS has failed to make a determination on Plaintiff's FOIA request and has failed to produce all responsive records.

44. IRS has violated FOIA by failing to make promptly available the records sought by the foregoing requests as required by 5 U.S.C. § 552(a)(3)(A) and IRS's corresponding regulations.

45. IRS has violated FOIA by failing to make a determination as to the foregoing requests within the time limits prescribed by 5 U.S.C. § 552(a)(6)(A) and IRS's corresponding regulations.

46. Because IRS failed to comply with the time-limit provisions of 5 U.S.C. § 552(a)(6)(A), Plaintiff has constructively exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

47. Therefore, Plaintiff is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

**WHEREFORE**, Plaintiff respectfully request that this Court:

a. Declare that the IRS is in violation of the Freedom of Information Act by failing to issue a complete determination on Plaintiff's request submitted on September 29, 2021, within the statutorily required time period and by failing to produce promptly all responsive, non-exempt documents;

b. Order the IRS to complete the processing of Plaintiff's request, issue a determination, and promptly produce all responsive, non-exempt documents to Plaintiff;

c. Maintain jurisdiction over this action until the IRS complies with the Freedom of Information Act and this Court's Order(s);

d. Award Plaintiffs their attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant such additional and further relief as the Court may deem just and proper.

**COUNT II-FAILURE TO DESCRIBE WITHHELD DOCUMENTS WITH SUFFICIENT DETAIL TO CONVEY THE NATURE OF THE DOCUMENTS AND EXPLAIN HOW AN EXEMPTION APPLIES TO PERMIT THE WITHHOLDING OF THOSE DOCUMENTS**

48. Plaintiff hereby re-allege and reassert the allegations contained in Paragraphs 1-38 as if fully set forth herein.

49. Plaintiff properly requested records within the IRS's custody and control in accordance with FOIA.

50. On September 29, 2021, Plaintiff submitted a FOIA request to IRS, which was received by IRS on October 4, 2021.

51. Plaintiff has a statutory right to the records they seek, which are "agency records" within the meaning of FOIA.

52. FOIA permits agencies to withhold records or portions of records under certain circumstances. 5 U.S.C. § 552(b).

53. FOIA places the burden on the agency to sustain the lawfulness of specific withholdings. *See* 5 U.S.C. § 552(a)(4)(B).

54. IRS withheld thousands of responsive documents from disclosure through its First Interim Letter and Second Interim Letter pursuant to FOIA Exemptions 3, 5, and 7, without justifying how such exemptions apply to the material in question and without making specific foreseeable harm determinations on individual documents.

55. Pursuant to FOIA, IRS was required to describe withheld documents with sufficient detail to convey the nature of the documents, as well as explain how an exemption applied to permit the withholding of those documents.

56. IRS has not provided sufficient information for Plaintiff to fairly determine what has not been produced.

57. By failing to justify the withholding of documents pursuant to FOIA Exemptions 3, 5, and 7 through an adequate description of the withheld documents, and in withholding documents without making specific, proper foreseeable harm determinations, IRS unlawfully withheld and unreasonably delayed Plaintiff's right to be provided with copies of the records which it has requested.

58. That IRS provide specific details is particularly important since the IRS claims to have withheld records under the exemption (b)(5), the deliberative process privilege, for which it provided little or no detail regarding document authors, the subject matter of the documents, or the relationship of the document to agency policymaking to justify the application of the deliberative process privilege.

59. In the event the FOIA exemptions claimed reasonably apply to any of the records IRS is currently withholding, IRS must provide Plaintiff with any releasable and reasonably segregable non-exempt portions of those records. 5 U.S.C. § 552(b).

**WHEREFORE**, Plaintiff respectfully request that this Court:

1. Declare that the IRS is in violation of the Freedom of Information Act by failing to explain how and why a particular exemption applies to each withheld document;

m. Order the IRS to produce an index or affidavit identifying any documents or parts thereof that it withholds and the basis for the withholding pursuant to 5 U.S.C. § 552(b)(3); 5 U.S.C. § 552(b)(5); 5 U.S.C. § 552(b)(7)(C); and5 U.S.C. § 552(b)(7)(E) to Plaintiff within 30 business days of this Court's order;

n. Maintain jurisdiction over this action to rule on any assertions by the IRS that any responsive document cannot be found or is exempt from disclosure;

o. Award Plaintiffs their attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

p. Grant such additional and further relief as the Court may deem just and proper.

Dated: May 9, 2023

Respectfully submitted,

*/s:/ Edward A. Marod*
Edward A. Marod, Esq.
Florida Bar No. 238961
E-Mail: emarod@gunster.com
Secondary: jfirogenis@gunster.com
Angela Misch, Esq.
Florida Bar No. 1019740
Email: amisch@gunster.com
Secondary: jgavagni@gunster.com
Gunster, Yoakley & Stewart, P.A.
Attorneys for Plaintiff
777 S. Flagler Drive, Suite 500 E
West Palm Beach, FL 33401
561- 655-1980 Telephone
561- 671-2519 Facsimile

*Counsel for Plaintiff*