UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80756-RLR/BER

THE 2005 ROBERT JULIEN FAMILY
DELAWARE DYNASTY TRUST,

            Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

            Defendant.
_____/

### ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER [ECF No. 24]

In this FOIA action, Plaintiff ("the Trust") propounded discovery to the IRS under the Federal Rules of Civil Procedure. The IRS moves for a protective order excusing it from responding to the discovery requests. For the following reasons, the Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

The Trust made two FOIA requests — one on November 12, 2019, and a supplemental one on September 29, 2021 (collectively "the Request"). The Request relates to the IRS's assessment of a civil tax penalty against the Trust for tax years 2005 and 2006. ECF No. 22-2. On or about December 20, 2022, the IRS notified the Trust that it had located 4,868 pages responsive to the requests. It released 1,749 in full, released 131 partially redacted pages, and withheld 2,988 pages in full based on FOIA exemptions. Complaint, ECF No. 1 ¶¶ 24, 25; Answer, ECF No. 11 ¶¶24, 25; Affidavit of Andrew Keaton, ECF No. 14-1 ¶6.

Less than 90 days later, on March 7, 2023, the IRS informed the Trust that it had identified 4,851 more responsive pages. It released 37 pages in full, five pages partially redacted, and withheld the remaining 4,809 pages based on FOIA exemptions. Keaton Affidavit ¶8.

In May 2023, the Trust filed a two-count Complaint seeking declaratory and injunctive relief. ECF No. 1. Count I alleges that the IRS did not make a timely determination on the Trust's FOIA request and has not produced documents within the statutory time limits. Count II challenges the adequacy of the IRS's exemption claims. The IRS's Answer admitted that it had not made a timely determination. ECF No. 11 ¶43.

On or about January 5, 2024, the Trust served discovery requests on the IRS consisting of (1) 21 Requests for Admission, ECF No. 23-2, (2) seven Requests for Production, ECF No. 23-3, and (3) 10 interrogatories. ECF No. 23-4. The Trust also disclosed its intention to call an expert witness to opine that the IRS could be processing the FOIA request faster and that therefore "the IRS has failed to comply with its duties promptly and reasonably to comply with the subject FOIA requests." ECF No. 23-5. The IRS objected to any discovery at this stage of the case and moved for a protective order. ECF Nos. 22, 24.

I held a discovery hearing on January 24, 2024. I sustained the IRS's objections to any discovery on Count II. ECF No. 25. I requested further briefing on the balance of the IRS's objections. *Id*. I have now received and reviewed that briefing. ECF Nos. 31, 32. I am fully advised and this matter is ripe for decision.

To date, the IRS has produced over 10,200 pages of documents and estimates that another 17,500 pages need to be reviewed. Keeton Affidavit ¶10; ECF No. 23-5. It is processing the Request at the rate of at least 500 pages per month. *See* ECF Nos. 22 at 2; 23 at 2 (613 pages were produced in November 2023, 501 pages were produced in December 2023); ECF No. 32 at 2 (524 pages produced in January 2024).

As of November 2023, the IRS had 49 active FOIA cases in federal court. It had approximately 1500 pending FOIA requests on October 1, 2022. Keeton Affidavit ¶ 16 & n. 5. The Treasury Department's FY 2022 Freedom of Information Act Annual Report (its most recent such report) says that for complex FOIA requests the median response time was 18 days and the averaged response time was 53 days, and the longest response time was 1696 days. https://home.treasury.gov/system/files/236/Treasury-Annual-FOIA-Report-FY2022.pdf at 22.

As the Trust concedes, "[D]iscovery is not frequently employed in FOIA actions." ECF No. 23 at 3. But, as the IRS concedes, the Court has discretion to allow discovery where appropriate. Situations when Courts have allowed discovery in FOIA cases include where there is a credible suggestion that the agency has acted in bad faith. *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, No. CIV. 05-2078(EGS), 2006 WL 1518964, at *3 (D.D.C. June 1, 2006); *see also Judicial Watch, Inc. v. U.S. Dept. of Commerce,* 470 F.3d 363, 428 (D.C. Cir. 2006) (discovery ordered based on evidence that agency was destroying responsive documents), or to support a motion for summary judgment based on an alleged pattern and practice of non-

compliance. *Gilmore v. U.S. Dept. of Energy,* 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998) (authorizing discovery on "DOE's policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance with the FOIA time limitations."). This kind of discovery can be relevant because an agency's bad faith can be a basis for a Court order requiring accelerated processing. Importantly, "discovery is not to be granted when the discovery is sought for the 'bare hope of falling upon something that might impugn the affidavits' submitted by the agency." *Founding Church of Scientology v. NSA,* 610 F.2d 824, 836–37 n. 101 (D.C. Cir. 1979) *cited in Pub. Citizen Health Rsch. Grp. v. F.D.A.,* 997 F. Supp. 56, 73 (D.D.C. 1998) (citation omitted), *aff'd in part, rev'd in part and remanded sub nom. Pub. Citizen Health Rsch. Grp. v. Food & Drug Admin.,* 185 F.3d 898 (D.C. Cir. 1999).

Under Federal Rule of Civil Procedure 26(b)(1) any discovery must be relevant to the well-pled claims and defenses in the litigation. It must also be proportional to the needs of the case, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A claim is well-pled when it states a plausible basis for relief on the merits, that is, it is more than speculative and is supported by facts entitled to the assumption of truth. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Trust says the IRS has acted in bad faith by not responding to the Request sooner. The Trust "seeks, through discovery served in this action, facts supporting the conclusion that the process by which the IRS reviews documents in response to FOIA requests is inadequately designed and inadequately implemented, its personnel assigned to the task are poorly trained and are denied access to modern document review technology." ECF Nos. 13 at 2; 31 at 2 n.1.[1] The Trust's putative expert opines that the IRS is not using the same review processes as are used "in significant class action and multidistrict litigation in which far greater numbers of documents are requested and produced in substantially shorter periods than achieved in this case." ECF No. 23-5 at 1.

In evaluating the proportionality factors, it is also important to consider what remedies are (and are not) available. The Trust may be entitled to an order that would require the IRS to process the Request faster.[2] Although FOIA authorizes this kind

---

[1] The Trust concedes that Requests for Production 4 and 5 relate only to Count II. The IRS says that Interrogatories 2, 3, and 6 as well as Requests for Production 2, 3, and 5 relate to this Count.

[2] The Trust asks for a declaration that the IRS has violated FOIA, but it appears that what the Trust wants is a *finding* that the IRS has violated FOIA, which would then allow the Trust to seek a remedy. If the Trust is asking for a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. 2201, there is a question whether a declaration that the IRS has not complied with its FOIA obligations is a proper remedy. "[A] declaratory judgment serves to clarify the legal relations and is not for the purpose of making factual determinations." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011) (J. Marra). Similarly, if the Trust is asking for an injunction prohibiting the IRS from violating FOIA in other future cases not involving the Trust, there is an issue of Article III standing. *See Elend v. Basham*, 471 F.3d 1199, 1208 (11th Cir. 2006). I need not resolve these issues to rule on the Trust's request for discovery.

of relief, it has practical limits. An enjoined party must have the ability to comply. *F.T.C. v. Leshin,* 618 F.3d 1221, 1232 (11th Cir. 2010). To that end, an Article III court must be sensitive to an Executive Branch agency's ability to expend public funds or to reallocate its workforce. Put simply, this Court cannot simply order the IRS to buy better software or hire more people. The Court also must be mindful of other demands on the IRS's FOIA resources. Deference must be given to the agency's decision on how to prioritize its workload.

With that background, I turn to four housekeeping matters. First, whether the IRS made a timely determination is not a basis for discovery. The remedy for this conduct is that the Trust was deemed to have exhausted its administrative remedies and was therefore allowed to file this lawsuit. Because the Trust has received the full remedy to which it is entitled, any further discovery on this topic would be disproportionate to the needs of the case.

Second, several of Plaintiff's Requests for Admission that relate to the serving of the Request and the subsequent communications between the parties are moot because the IRS has already admitted these facts in its Answer to the Complaint. *See* ECF No. 11 ¶¶ 13-20.

Third, the Trust's request for discovery relating to the IRS's use of eDiscovery technology and techniques is denied. As noted above, the Court has, at best, extremely limited power to enjoin the IRS to acquire new technology. As such, this evidence is not proportional to the needs of the case; it is not important enough to

resolving the issues in the case to justify the expense or the diversion of IRS resources to respond.

Fourth, the IRS's request for an order "prohibiting Plaintiff *nunc pro tunc* from either designating or using an expert witness discovery [sic]," ECF No. 22 at 4, is denied without prejudice. Essentially, the IRS asks the Court to strike the Trust's purported expert. That request is premature. At the appropriate time, the IRS can file a *Daubert* motion, a motion *in limine,* or another motion challenging the Trust's ability to use an expert.

The Trust has made a sufficient showing of possible bad faith to entitle it to limited discovery. As its evidence of bad faith and therefore a justification for discovery, the Trust points to the pace of production. ECF No. 31 at 7. The Request has been pending for over four years. At the current estimated pace, the production will not be completed for another three years. The IRS has processed only approximately 1/3 of the responsive documents (approximately 12000 out of 27,700). This pace is longer than the median and average production times for complex requests. Full production at the IRS's proposed pace will exceed the longest production period from FY 2022 (1696 days – approximately 4.6 years). This evidence justifies limited discovery into how the IRS is processing the Request, but not broader discovery of the IRS's internal training, policies, or procedures. There is no evidence that the IRS is not complying with its own policies and procedures, or that the IRS personnel assigned to this case are not properly trained.

Much of the data about the IRS's FOIA processing practices is available from public sources that are equally accessible to both sides. Therefore, it is disproportionate to require the IRS to respond to discovery directed to these facts. Many of the other discovery requests are either not relevant to whether the IRS is processing the Request in bad faith or the burden of responding to them outweighs their likely probative value.

For all these reasons, it is ORDERED that the IRS shall respond to Requests for Admission 6, 8, 10, 12, and 14-17, and to Interrogatories 7-10. The IRS's Motion for a Protective Order is granted for all of the Requests for Production, the other Interrogatories and the other Requests for Admission because they are disproportionate to the needs of the case at this stage.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of February 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE