**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-CV-80756-RLR**

THE 2005 ROBERT JULIEN
FAMILY, DELAWARE DYNASTY
TRUST, et al.,

Plaintiffs,

vs.

INTERNAL REVENUE SERVICE,

Defendant.
_______________________________/

**ORDER GRANTING THE DEFENDANT'S MOTION TO STAY**

This matter is before the Court on the Defendant's Motion to Stay at docket entry 34. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Plaintiffs previously filed a Freedom of Information Act ("FOIA") request with the Internal Revenue Service for certain records. Because that request (which resulted in approximately 17,500 pages of responsive records) was not fullfilled as quicky as the Plaintiffs wanted, the Plaintiffs initiated this suit to compel the IRS to produce the records. As a govermental agency subject to FOIA requests, the IRS must perform a reasonable search for the records and produce the records that are not exempt from disclosure. 5 U.S.C. § 552(b).

In terms of the government's obligation to produce responsive records within a certain time, however, courts have recognized that the government's ability to produce records is limited by its resources. For example, courts have approved a production rate of 500 pages each month. *E.g., Middle East Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 187 & n.3 (D.D.C. 2018) (rejecting plaintiff's request that an agency process 1,000 pages per month, instead

requiring 500 pages per month, with a footnote collecting cases approving review of 500 pages-per-month schedules); *see also Energy Future Coal. V. Off. Of Mgmt. & Budget*, 201 F. Supp. 3d 55, 59-60 (D.D.C. 2016) ("OMB shall continue to review 500 documents per month with respect to Plaintiffs' request"). Courts approve a rate of 500 pages per month even when the projected completion date is far into the future. *ACLU v. United States Dep't of Homeland Sec.*, No. 20 CIV. 10083 (PGG), 2021 WL 5449733, at *1 (S.D.N.Y. Nov. 19, 2021) (approving a 500 page-per-month processing rate that could be completed in 18 months and noting that "[c]ourts have issued orders providing for the processing of 500 pages per month, even where that schedule will result in lengthy production periods"); *White v. Executive Off.*, 444 F. Supp. 3d 930, 943-44 (S.D. Ill. 2020) (FBI processing 500 pages per month is reasonable to process 55,000 pages of potentially responsive records even though that review rate will take years to complete).

Here, the IRS has produced evidence that it lacks sufficient staff to produce more than 500 pages in a month. DE 34-1. The production rate is limited in part because the same staff must produce records in other FOIA cases around the country. *Id.* Based upon its requested production rate, the IRS estimates it could produce all responsive, non-exempt records in approximately 33 months. *See id.* This evidence has not been rebutted with any counterevidence from the Plaintiffs.

The Court is persuaded that the IRS should be afforded more time to respond to the Plaintiffs' FOIA request and that a production rate of 500 pages per month is appropriate, given the government's limited resources. For these reasons, it is **ORDERED AND ADJUDGED** that the Motion to Stay at docket entry 34 is **GRANTED**, all other pending motions are **DENIED AS MOOT**, this case is **STAYED**, the Clerk of the Court shall **ADMINISTRATIVELY CLOSE THIS CASE** during the pendency of the stay, the IRS **shall produce at least 500 pages per**

**month** to the Plaintiffs, the IRS shall file status reports on its production at three month intervals, and nothing in this Order shall preclude the parties from bringing discovery disputes about the production before the Court during the pendency of the stay. Once the production is complete, the parties shall confer and inform the Court whether any further matters remain for adjudication.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of April, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record